UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

ZENITH DEY and LIBBY ABESAMIS, on behalf of
themselves, individually, and on behalf of all others
similarly-situated,

**COMPLAINT**

Plaintiffs,

**Docket No.:**

-against-

Jury Trial Demanded

NEXT CLEANERS NY1, LLC, and
NEXT CLEANERS, LLC, and NEXT AT 808 COLUMBUS,
INC., and KAM SAIFI, individually, and
GEORGE INAKAVADZE, individually, and
ALEKSEY BEREZOV, individually,

Defendants.

-----------------------------------------------------------------------X

Plaintiffs, ZENITH DEY ("Dey") and LIBBY ABESAMIS ("Abesamis"), on behalf of

themselves, individually, and on behalf of all others similarly-situated, (collectively as "FLSA

Plaintiffs" or "Rule 23 Plaintiffs"), by and through their attorneys, BORRELLI &

ASSOCIATES, P.L.L.C., as and for their Complaint against NEXT CLEANERS NY1, LLC, and

NEXT CLEANERS, LLC, and NEXT AT 808 COLUMBIS, INC., (all, together, as, "Next"),

and KAM SAIFI, individually, and GEORGE INAKAVADZE, individually, and ALEKSEY

BEREZOV, individually, (all three, together with Next, as "Defendants"), allege upon

knowledge as to themselves and their own actions and upon information and belief as to all other

matters as follows:

## NATURE OF THE CASE

1.     This is a civil action for damages and equitable relief based upon willful

violations that the Defendants committed of Plaintiffs' rights guaranteed to them by: (i) the

overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the minimum wage provisions of the FLSA, 29 U.S.C. § 206(a); (iii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2; (iv) the minimum wage provisions of the NYLL and NYCCRR, NYLL § 652; 12 NYCCRR § 142-2.1; (v) the NYLL's requirement that employers pay their employees an additional one hour's pay at the minimum wage rate if their employees' spread of hours exceeds ten in a workday, NYLL § 652; 12 NYCCRR § 142-2.4; (vi) the NYLL's requirement that employers furnish employees with wage statements containing specific categories of accurate information on each payday, NYLL § 195(3); (vii) the NYLL's requirement that employers furnish employees with a wage notice at hire containing specific categories of accurate information, NYLL § 195(1); and (viii) any other claim(s) that can be inferred from the facts set forth herein.

2.      Plaintiffs worked for Defendants - - three entities acting as a single enterprise to operate a chain of approximately twenty laundromats/dry cleaners throughout New York City and New Jersey; that enterprise's Chief Executive; its owner; and its day-to-day overseer - - as bicycle delivery drivers and store clerks from on or around July 27, 2014 to March 16, 2017.  As described below, throughout the entirety of their employment, the Defendants willfully failed to pay Plaintiffs the wages lawfully due to them under the FLSA and the NYLL.  Specifically, the Defendants required Plaintiffs to work, and Plaintiffs did in fact work, in excess of forty hours for each week or virtually each week of their employment.  Despite this, the Defendants paid Plaintiffs a flat weekly wage for each week worked, resulting in multiple wage violations.

3.      First, with respect to the first six months of Plaintiff Abesamis's employment, Defendants paid Abesamis a flat weekly salary of $475.00 per week while requiring him to work

sixty-six hours per week.  Thus, Defendants failed to pay Abesmasis at the rate of one and one-half times his regular rate of pay, or one and one-half time the minimum wage rate, if greater, or any rate of pay, for any hours that he worked in excess of forty each week.  Moreover, Plaintiff Abesamis's $475.00 weekly wage fell below the minimum that either the FLSA or NYLL require for each hour worked, resulting in minimum wage violations under both statutes.

4.     Second, for the first six months of Plaintiff Dey's employment, Defendants paid Dey a flat weekly salary of $240.00 per week, while requiring him to work thirty hours per week. As a result, for approximately two out of the first six months of Dey's employment, Defendants failed to pay Dey at least the statutory minimum wage rate for all hours worked under the NYLL and the NYCCRR.

5.     Third, after Plaintiff Dey's first six months of work, Defendants: increased his wages above the statutory minimum; required him to work over forty hours each week; yet failed to compensate him at a the rate of one and one-half times his regular rate of pay, or one and one-half time the minimum wage rate, if greater, or any rate of pay, for any hours that he worked in excess of forty each week.  As a result, Defendants violated both the FLSA's and the NYLL's overtime compensation provisions.

6.     Fourth, after Plaintiff Abesamis's first six months of work, Defendants increased his wages and hours of work, and changed his job duties to that of a "manager."  Despite these nominal changes to his title, Defendants - - in paying Plaintiff a flat salary of $600.00 per week from approximately February 2015 through June 2016, and a flat salary of $650.00 per week from July 2016 through the end of his employment - - failed to compensate Plaintiff at a weekly rate of pay that was enough to qualify him for an exemption under the NYLL.  Defendants thus

failed to pay Plaintiff at the rate of one and one-half times his regular rate of pay, or any rate of pay, for any hours that he worked in excess of forty each week.

7.     Fifth, Defendants also violated the NYLL by failing to: pay Plaintiffs one hour's pay at the minimum wage rate for each day when Plaintiffs worked in excess of ten hours; provide Plaintiffs with wage statements on each payday that accurately listed, *inter alia*, their actual hours worked for that week and/or their straight-time rate or overtime rate of pay for all hours worked; and provide Plaintiffs with accurate wage notices at the time of their hire.

8.     Defendants paid and treated all of their laundromat/dry cleaner employees - - regardless of their title - - in the same manner.

9.     Plaintiffs Dey and Abesamis thus bring this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of themselves, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of the Defendants' willful violations of the FLSA.

10.     Plaintiff Dey also bring this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable NYLL limitations period who suffered damages as a result of the Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

**JURISDICTION AND VENUE**

11.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*.  The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

12.     Venue is appropriate in this court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred in this judicial district.

## **PARTIES**

13.     At all relevant times herein, Plaintiffs worked for Defendants in New York and were "employees" entitled to protection as defined by the FLSA, the NYLL, and the NYCCRR.

14.     At all relevant times herein, Defendant Next was and is a single enterprise consisting of at least two, and likely more, legally distinct New York corporations (including Defendants Next at 808 Columbus, Inc., and Next Cleaners NY1, LLC), and one New Jersey corporation (Defendant Next Cleaners, LLC), which together operate upwards of twenty laundromats/dry cleaners throughout New York City and northern and central New Jersey.  At all relevant times, Defendant Next's principal place of business was and is 41 Plymouth Street, Fairfield, New Jersey 07004.

15.     At all relevant times herein, Defendant Saifi was and is the Chief Executive who, along with Defendants Inakavadze and Berezov, acted as a day-to-day supervisor of all or nearly all of Defendant Next's employees, including Plaintiffs.

16.     At all relevant times herein, Defendant Inakavadze was and is the majority owner of Defendant Next who, along with Saifi and Berezov, acted as a day-to-day supervisor of all or nearly all of Defendant Next's employees, including Plaintiffs.

17.     At all relevant times herein, Defendant Berezov was and is a manager of Defendant Next who, along with Defendants Saifi and Berezov, acted as a day-to-day supervisor of all or nearly all of Defendant Next's employees, including Plaintiffs.

18.     At all relevant times herein, Defendants were and are "employers" within the meaning of the FLSA and the NYLL.   Additionally, Defendant Next's qualifying annual business exceeded and exceeds $500,000.00, and Defendants are engaged in interstate commerce within the meaning of the FLSA as they operate their business across state lines, in both New York and New Jersey, the combination of which subjects Defendants to the FLSA's overtime requirements as an enterprise.

<u>COLLECTIVE ACTION ALLEGATIONS</u>

19.     Plaintiffs Dey and Abesamis seek to bring this suit to recover from Defendants unpaid overtime compensation, minimum wages, and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. 216(b), on their own behalves, as well as on behalf of those in the following two collectives:

a.  <u>Representative Plaintiff Abesamis: Collective A - - Minimum Wage</u>

Current and former laundromat employees, who during the applicable FLSA limitations period, performed any work for or on behalf of Defendant Next, and who consent to file a claim to recover damages for minimum wages that are legally due to them ("FLSA Collective A").

b.  <u>Representative Plaintiff Dey: Collective B - - Overtime</u>

Current and former laundromat employees, who during the applicable FLSA limitations period, performed any work for or on behalf of Defendant Next, and who consent to file a claim to recover damages for overtime wages that are legally due to them ("FLSA Collective B") (referred to collectively, with FLSA Collective A, as "FLSA Plaintiffs").

20.     Defendants treated Plaintiffs and all FLSA Plaintiffs similarly in that Plaintiffs and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or

similar manner; (4) were required to work in excess of forty hours in a workweek; (5) were not paid the required one and one-times their respective regular rates of pay, or one and one-half times the minimum wage rate, if greater, for all hours that they worked per workweek in excess of forty; and/or (6) were not paid at least the statutory minimum wage rate for all hours worked.

21.     At all relevant times herein, Defendants are and have been aware of the requirements to pay Plaintiffs and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage rate, if greater, for all hours worked each workweek above forty, and of the requirement to pay Plaintiff and all FLSA Plaintiffs at least the statutory minimum wage rate for all hours worked, yet they purposefully and willfully chose and choose not to do so.

22.     Thus, all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, and/or at the statutorily-set minimum wage for all hours worked, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

23.     In addition, Plaintiff Dey seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), individually, on his own behalf, as well as on behalf of those who are similarly situated who, during the applicable limitations period, were subjected to violations of the NYLL and the NYCCRR.

24.     Under FRCP 23(b)(3), Plaintiff must plead that:

a.  The class is so numerous that joinder is impracticable;

b.  There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

c.  Claims or defenses of the representative are typical of the class;

d.  The representative will fairly and adequately protect the class; and

e.  A class action is superior to other methods of adjudication.

25.  Plaintiff Dey seeks certification of the following FRCP 23 class:

> Current and former laundromat employees who performed any work for Defendant Next during the statutory period within the State of New York who: (1) did not receive compensation from the Defendants at the legally-required overtime wage rate of pay for each hour worked over forty hours; and/or (2) did not receive at least the statutory minimum wage rate for all hours worked; and/or (3) were not paid an additional hour's pay at the statutory minimum wage rate on all days where their spread of hours exceeded ten; and/or (4) were not provided with accurate statutorily-required wage statements on each payday pursuant to NYLL § 195(3); and/or (5) were not provided with a wage notice at hire containing specific categories of accurate information pursuant to NYLL § 195(1).

<u>Numerosity</u>

26.  During the previous six years, the Defendants have, in total, employed at least forty employees that are putative members of this class.

<u>Common Questions of Law and/or Fact</u>

27.  There are questions of law and fact common to each every Rule 23 Plaintiff that predominate over any questions solely affecting individual members of the FRCP 23 class, including but not limited to the following: (1) the duties that the Defendants required and require each Rule 23 Plaintiff to perform; (2) the manner of compensating each Rule 23 Plaintiff; (3) whether Rule 23 Plaintiffs worked in excess of forty hours per week; (4) whether the Defendants failed to pay Rule 23 Plaintiffs proper overtime compensation for all hours worked in excess of forty hours in a week; (5) whether the Defendants failed to pay Rule 23 Plaintiffs at least the statutory minimum wage rate for all hours worked; (6) whether the Defendants failed to pay Rule

23 Plaintiffs an additional hour's pay at the statutory minimum wage rate for all days during which their spread of hours exceeded ten; (7) whether the Defendants furnished and furnish Rule 23 Plaintiffs with accurate wage statements on each payday containing the information required by N.Y. Lab. Law § 195(3); (8) whether the Defendants furnished and furnish Rule 23 Plaintiffs with a wage notice at hire containing the specific categories of accurate information required by NYLL § 195(1); (9) whether the Defendants kept and maintained accurate records of hours worked by Rule 23 Plaintiffs; (10) whether the Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs for each hour worked; (11) whether the Defendants have any affirmative defenses to any of the Rule 23 Plaintiffs' claims; (12) whether the Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and supporting regulations; and (13) if so, what constitutes the proper measure of damages.

<u>Typicality of Claims and/or Defenses</u>

28.     As described in the "Background Facts" section below, the Defendants employed Plaintiff Dey and Rule 23 Plaintiffs within the meaning of the NYLL.  Dey's claims are typical of the claims of the Rule 23 Plaintiffs whom he seeks to represent, as the Rule 23 Plaintiffs work and/or have worked for the Defendants in New York, and the Defendants did not pay them overtime pay for all hours worked in a week over forty.  Dey and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to receive overtime wages for all hours worked each week over forty hours, to be paid at least the statutory minimum wage rate for all hours worked, to receive spread-of-hours pay when their workdays exceed ten hours, to be furnished with accurate wage statements on each payday, and to be furnished with a wage notice at hire containing specific categories of accurate information.  Dey and the Rule 23 Plaintiffs have all sustained

similar types of damages as a result of the Defendants' failure to comply with the NYLL and supporting regulations. Dey and the Rule 23 Plaintiffs all have suffered injury including lack of compensation due to the Defendants' common policies, practices, and patterns of conduct. Thus, Dey's claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendants' defenses to those claims.

Adequacy

29.     Plaintiff Dey, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout his employment with the Defendants. Defendants did not pay Dey overtime for all hours worked over forty hours in a week, did not pay Dey at least the statutory minimum wage rate for all hours worked, did not pay Dey an additional hour's pay at the minimum wage rate when his spread of hours exceeded ten, did not furnish Dey with accurate wage statements on each payday, and did not furnish Dey with a wage notice at the time of hire containing specific categories of accurate information, which is substantially similar to how the Defendants paid and treated the Rule 23 Plaintiffs. Dey fully anticipates providing discovery responses and testifying under oath as to all of the matters raised in this Complaint and that will be raised in the Defendants' Answer. Thus, Dey would properly and adequately represent the current and former employees whom the Defendants have subjected to the treatment alleged herein.

Superiority

30.     Plaintiff Dey has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, the Defendants treated Dey identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

10

31.     Any lawsuit brought by an employee of the Defendants who worked in any of Defendants' laundromats/dry cleaners in New York would be identical to a suit brought by any other employee for the same violations.  Thus, separate litigation would risk inconsistent results.

32.     Accordingly, this means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

33.     Additionally, Plaintiffs' counsel has substantial experience in this field of law.

## BACKGROUND FACTS

34.     Defendant Next, as comprised as the three entities described above and at least four other entities not currently named in this Complaint, operates as a single enterprise that provides laundromat / dry cleaning services to its customers throughout New York City and parts of New Jersey.

35.     The (at least) four additional unnamed entities that are included within the single Next enterprise are: Next @ Lafayette, Inc.; Next at 1343 2nd Ave, Inc.; Next at 49th & 9th, Inc.; and Next at 801 Amsterdam, Inc.

36.     Defendant Next, including the three named entity Defendants and the four unnamed entities described above all: share employees and clients with one another; have the same central cleaning facility in New Jersey; concurrently control labor relations between employees and management; are commonly managed by the same personnel such as Defendants Saifi, Inakavadze, and Berezov, as well as Defendant Saifi's son Zack Saifi; and are commonly owned and controlled financially.

37.     Together, Defendants Saifi, Inakavadze, and Berezov jointly serve as the day-to-day managers of Defendant Next, who in their capacities jointly control the terms of employment of Defendant Next's employees and are responsible for all matters with respect to hiring and

11

firing, scheduling, and setting the amount and method of pay for all employees.  To that end, Defendant Inakavadze personally hired Plaintiffs, controlled their schedules, and, along with Defendants Saifi and Berzov, determined the amount and method of paying Plaintiffs.

**Plaintiff Abesamis's Employment**

38.     Plaintiff Abesamis worked for Defendants as a bicycle delivery person and store clerk from on or around July 27, 2014 through January 2015 at Defendants' Next Dry Cleaners brick-and-mortar store located at 808 Columbus Avenue, New York, New York (hereinafter "Columbus Store").

39.     Thereafter, from in or around February 2015 through March 16, 2017, Plaintiff Abesamis worked for Defendants as a "store manager" at the Columbus Store.

40.     Throughout his employment, Plaintiff Abesamis's duties involved, *inter alia*, delivering laundered or dry cleaned clothing to Defendants' customers, processing clothing for pickup or delivery, providing customer service to Defendants' customers, and - - after becoming "store manager" - - performing additional duties such as opening and closing Defendants' Columbus Store.

41.     For the first six months of Plaintiff Abesamis's employment, Defendants required him to work, and he did in fact work, six days per week, twelve hours per day Mondays through Fridays, and six hours every Sunday, for a total of sixty-six hours per week, without permitting him to take any scheduled or uninterrupted breaks.

42.     For his pay during his first six months of employment, Defendants paid Plaintiff Abesamis a flat weekly salary of $475.00, which by operation of law was solely meant to compensate him for his first forty hours of work per week, amounting to a straight-time hourly rate of $11.86 per hour.

43.     In or around February 2015, Defendants changed Plaintiff Abesamis's schedule, requiring him to work, and Abesamis did in fact work, sixty-nine hours per week, consisting of twelve-hour days from Monday through Friday from 7:30 a.m. through 7:30 p.m., and nine hours every Saturday, from 8:30 a.m. through 5:30 p.m., without permitting him to take any scheduled or uninterrupted breaks.

44.     For his pay, from approximately February 2015 through approximately June 2016, Defendants paid Plaintiff Abesamis a flat weekly salary of $600.00, which by operation of law was solely meant to compensate him for his first forty hours of work per week, amounting to a straight-time rate of pay of $15.00 per hour.

45.     From approximately July 2016 through the end of his employment, Defendants paid Plaintiff Abesamis a flat weekly salary of $650.00, which by operation of law was solely meant to compensate him for his first forty hours of work per week, amounting to a straight-time rate of pay of $16.25 per hour.

46.     Throughout his employment, Defendants paid Plaintiff Abesamis nothing for his time worked each week in excess of forty hours.

47.     By way of example, during the week of August 4 through August 10, 2014, Defendants required Plaintiff Abesamis to work, and he did in fact work, sixty-six hours, consisting of twelve hours from Monday through Friday, and six hours on Saturday of that same week.  During that same week, Defendants paid Abesamis at the rate of $475.00, amounting to a regular rate of pay of $11.86 per hour for his first forty hours.  Defendants paid Abesamis nothing for the thirty-two hours that Plaintiff worked over forty that week.  Additionally, Defendants paid Abesamis at a rate below the minimum wage rate this week for all hours worked.

48.     Further, Defendants required Plaintiff Abesamis to work over ten hours for either five or six days per week, virtually all weeks, while failing to pay him an additional hour's pay at the then-applicable minimum wage rate on every day on which his spread-of-hours exceeded ten.

49.     For example, during the week of August 4 through August 10, 2014, Defendants required Plaintiff Abesamis to work, and he did in fact work, over ten hours on six separate days. Nonetheless, despite working over ten hours on each of those days, Defendants failed to pay Abesamis an additional hour's pay at the then-applicable minimum wage rate for each day.

**Plaintiff Dey's Employment**

50.     Plaintiff Dey worked for Defendants as a bicycle delivery person and store clerk in Defendants' Columbus Store from on or around July 27, 2014 through March 16, 2017.

51.     Throughout his employment, Plaintiff Dey's duties involved delivering laundered or dry cleaned clothing to Defendants' customers, and performing various tasks in Defendants' Columbus Store.

52.     For the first six months of Plaintiff Dey's employment, Defendants required Dey to work, and he did work, a total of thirty hours per week, without permitting him to take any scheduled or uninterrupted breaks, as follows:

      a.  Mondays: 2:00 p.m. through 8:00 p.m.;

      b.  Tuesdays, Wednesdays, and Fridays: 3:00 p.m. through 8:00 p.m.; and

      c.  Saturdays: 8:30 a.m. through 5:30 p.m.

53.     For his pay during his first six months of work, Defendants paid Plaintiff Dey a flat weekly salary of $240.00 per week, amounting to an hourly rate of $8.00 per hour. Additionally, Defendants paid Dey at a rate below the minimum wage rate for all hours worked from December 31, 2014 through in or around February of 2015.

54.    In or around February of 2015, Defendants increased Plaintiff Dey's schedule, requiring him to work, and Dey did in fact work, sixty-six hours per week, consisting of twelve-hour days from Monday through Friday from 8:00 a.m. through 8:00 p.m., and six hours every Sunday, from 10:30 a.m. through 4:30 p.m., without permitting him to take any scheduled or uninterrupted breaks.

55.    For his pay, from approximately February 2015 through approximately June 2016, Defendants paid Plaintiff Dey a flat weekly salary of $488.00, which by operation of law was solely meant to compensate him for his first forty hours of work per week, amounting to a straight-time rate of pay of $12.20 per hour.

56.    From approximately July 2016 through the end of his employment, Defendants paid Plaintiff Dey a flat weekly salary of $550.00, which by operation of law was solely meant to compensate him for his first forty hours of work per week, amounting to a straight-time rate of pay of $13.75 per hour.

57.    Throughout his employment from February 2015 through the end of his employment, Defendants paid Plaintiff Dey nothing for his time worked each week in excess of forty hours.  Additionally, from February 2015 through the end of his employment, Defendants paid Dey at a rate below New York's minimum wage for all hours worked.

58.    By way of example, during the week of January 11 through January 17, 2016, Defendants required Plaintiff Dey to work, and Dey did in fact work, sixty-six hours, consisting of twelve hours from Monday through Friday, and six hours on Sunday of that same week. During that same week, Defendants paid Dey at the rate of $488.00, amounting to a regular rate of pay of $12.20 per hour.  Defendants thus failed to pay Dey at any amount, and thus not one and one-half his regular rate of pay, for the twenty-six hours that he worked over forty that week.

15

Additionally, Defendants paid Dey at a rate below New York's minimum wage rate this week for all hours worked.

59.     Further, Defendants required Plaintiff Dey to work over ten hours for five days per week, during virtually all weeks after Dey's first six months of work, while failing to pay him an additional hour's pay at the then-applicable minimum wage rate on every day on which his spread-of-hours exceeded ten.

60.     For example, during the week of January 11 through January 17, 2016, Defendants required Plaintiff Dey to work, and he did in fact work, over ten hours on five separate days.  Nonetheless, despite working over ten hours on each of those days, Defendants failed to pay Dey an additional hour's pay at the then-applicable minimum wage rate for each day.

61.     Defendants paid both Plaintiffs on a weekly basis by check.

62.     On each occasion when Defendants paid Plaintiffs, Defendants intentionally failed to provide Plaintiffs with a wage statement that accurately listed, *inter alia*: their actual hours worked for that week and/or their straight and overtime rates of pay for all hours worked.

63.     Defendants also did not provide Plaintiffs with wage notices at the time of their hire that accurately contained, *inter alia*, Plaintiffs' rates of pay as designated by Defendants.

64.     Defendants treated Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the manner described above.

65.     Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was for Defendants' benefit.

66.     Defendants acted in the manner described herein so as to minimize their overhead while maximizing profits.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Overtime under the FLSA*

67.     Plaintiffs and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

68.     29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than the greater of one and one-half times their regular rate of pay or one and one-half times the minimum wage, if greater, for all hours worked exceeding forty in a workweek.

69.     As described above, Defendants are employers within the meaning of the FLSA while Plaintiffs and FLSA Plaintiffs are employees within the meaning of the FLSA.

70.     As also described above, Plaintiffs and FLSA Plaintiffs worked in excess of forty hours per week, yet Defendants failed to compensate Plaintiffs and FLSA Plaintiffs in accordance with the FLSA's overtime provisions.

71.     Defendants willfully violated the FLSA.

72.     Plaintiffs and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of the greater between one and one-half times their respective regular rates of pay or one and one-half times the minimum wage.

73.     Plaintiffs and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Minimum Wages under the FLSA*

74.     Plaintiff Abesamis and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

75.     29 U.S.C. § 206(a) prescribes a minimum wage that employers must pay to their employees for each hour worked.

76.     As described above, Defendants are employers within the meaning of the FLSA while Plaintiff Abesamis and FLSA Plaintiffs are employees within the meaning of the FLSA.

77.     As also described above, Defendants did not compensate Plaintiff Abesamis and FLSA Plaintiffs at the minimum hourly rate required by the FLSA for all hours worked.

78.     Defendants willfully violated the FLSA.

79.     At the least, Plaintiff Abesamis and FLSA Plaintiffs are entitled to the minimum rate of pay required by the FLSA for all hours worked.

80.     Plaintiff Abesamis and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's minimum wage provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime under the NYLL and the NYCCRR*

81.     Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

82.     N.Y. Lab. Law § 160 and 12 NYCCRR § 142-2.2 require employers to compensate their employees at a rate not less than the greater between one and one-half times their regular rates of pay, or one and one-half times the minimum wage, for all hours worked exceeding forty in a workweek.

83.     As described above, Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL and the NYCCRR.

84.     As also described above, Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCCRR's overtime provisions.

85.     Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times the greater of their respective regular rate of pay or one and-one-half times the minimum wage.

86.     Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCCRR's overtime provisions.

## FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Failure to Pay Minimum Wages under the NYLL and the NYCCRR*

87.     Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

88.     N.Y. Lab. Law § 652 and 12 NYCCRR § 142-2.1 prescribe a minimum wage that employers must pay to their employees for each hour worked.

89.     As described above, Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL and the NYCCRR.

90.     As also described above, Defendants did not compensate Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, at the minimum hourly rate required by the NYLL and NYCCRR for all hours worked.

91.     At the least, Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are entitled to the minimum rate of pay required by the NYLL and NYCCRR for all hours worked.

92.     Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and NYCCRR's minimum wage provisions.

## FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Violation of the NYLL's and the NYCCRR's Spread of Hours Requirement*

93.     Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

94.     N.Y. Lab. Law § 652 and 12 NYCCRR § 142-2.4 provide that an employee shall receive one hour's pay at the minimum hourly wage rate for any day worked in which the spread of hours exceeds ten.

95.     As described above, Defendants are employers within the meaning of the NYLL and NYCCRR, while Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL and NYCCRR.

96.     As also described above, Defendants failed to provide Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, with spread of hours pay on each day when their spread of hours exceeded ten.

97.     Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are entitled to recover an hour's pay, at the minimum wage rate, for all days during which they worked in excess of ten hours.

98.     Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' failure to pay the required spread of hours pay.

## SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Failure to Furnish Proper Wage Statements in Violation of the NYLL*

99.     Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

100.    N.Y. Lab. Law § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

101.    As described above, Defendants are employers within the meaning of the NYLL while Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL.

102.    As also described above, Defendants, on each payday, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, with accurate wage statements containing the criteria required under the NYLL.

103.    Prior to February 27, 2015, pursuant to N.Y. Lab. Law § 198(1-d), Defendants are liable to Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, in the amount of $100.00 for each workweek that the violation occurred, up to a statutory cap of $2,500.00.

104.    On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action, in the amount of $250.00 for each workday that the violation occurred, up to a statutory cap of $5,000.00.

## SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Failure to Furnish Proper Wage Notices in Violation of the NYLL*

105.    Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opt-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

106.    N.Y. Lab. Law § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

107.    As described above, Defendants are employers within the meaning of the NYLL, while Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opt-into this action are employees within the meaning of the NYLL.

108.    As also described above, Defendants failed to furnish Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action with accurate wage notices at hire containing all of the criteria required under the NYLL.

109.    Prior to February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action in the amount of $50.00 for each workweek after the violations initially occurred, up to a statutory cap of $2,500.00.

110.    On or after February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-into this action in the amount of $50.00 for each workday after the violations initially occurred, up to a statutory cap of $5,000.00.

## DEMAND FOR A JURY TRIAL

111.    Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury in this action.

22

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

a.      A judgment declaring that the practices complained of herein are unlawful and in violation of the aforementioned United States and New York State laws;

b.      Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.      An order restraining Defendants from any retaliation against Plaintiffs, FLSA Plaintiffs, or Rule 23 Plaintiffs for participation in any form in this litigation;

d.      Designation of this action as an FLSA collective action on behalf of Plaintiffs and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e.      Certification of the claims brought in this case under the NYLL and NYCCRR as a class action pursuant to FRCP 23;

f.      All damages that Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of the Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendants' unlawful payment practices;

g.      Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

h.      Designation of Plaintiff Dey and his counsel as class/collective action representatives under the FRCP and the FLSA;

i.      Designation of Plaintiff Abesmais and his counsel as collective action representatives under the FLSA

j.      Awarding Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs, and an award of a service payment to Plaintiffs;

k.      Pre-judgment and post-judgment interest, as provided by law; and

l.      Granting Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs other and further relief as this Court finds necessary and proper.

Dated: New York, New York
        March 21, 2017

                              Respectfully submitted,

                              BORRELLI & ASSOCIATES, P.L.L.C.
                              *Attorneys for Plaintiffs*
                              655 Third Avenue, Suite 1821
                              New York, New York 10017
                              Tel.    (212) 679-5000
                              Fax.    (212) 679-5005


                        By:   _____
                              MICHAEL R. MINKOFF (MM 4787)
                              ALEXANDER T. COLEMAN (AC 1717)
                              MICHAEL J. BORRELLI (MB 8533)